NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| ROSEANNE BALLAN, Plaintiff, | Civil Action No.: 17-4809 (CCC) |
|---|---|
| v. | OPINION |
| COMMISSIONER OF SOCIAL SECURITY, Defendant. | |

**CECCHI, District Judge.**

## I. INTRODUCTION

Before the Court is Roseanne Ballan's ("Plaintiff") appeal seeking review of a final determination by the Commissioner of the Social Security Administration ("Defendant") denying her application for a period of disability and Disability Insurance Benefits ("DIB") pursuant to Title II of the Social Security Act ("SSA"). This matter is decided without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the decision of the Administrative Law Judge ("ALJ") is vacated and the case is remanded for further administrative proceedings.

## II. BACKGROUND

### A. Factual Background

Plaintiff, an adult female, was born on February 9, 1965. (Tr. at 32).[1] Plaintiff possesses a ninth grade education, (*id.* at 33), and has previously worked as a kitchen aide, (*id.* at 35). In June 2010, Plaintiff injured her right knee by hitting it against an object while at work. (*Id.* at 37).

---

[1] "Tr." refers to the certified record of the administrative proceedings. (ECF No. 5).

1

Within a few months of that injury, Plaintiff began experiencing significant pain in her left foot and ankle. (*Id.* at 38). Plaintiff's ankle symptoms are believed to be a result of overcompensation following the injury to her opposite knee. (*Id.* at 244). Plaintiff testified that her pain from the injury has prevented her from working. (*Id.* at 37). Additionally, Plaintiff suffers from obesity. (*Id.* at 338).

### B. Procedural Background

On August 16, 2013, Plaintiff applied for disability benefits as a result of her ongoing knee and ankle pain. (*Id.* at 158-59). On October 17, 2013, Plaintiff's application was initially denied. (*Id.* at 100). On December 23, 2013, the application was once again denied on reconsideration. (*Id.* at 106). Plaintiff requested an ALJ hearing, which was conducted on July 24, 2015. (*Id.* at 28-83). On October 19, 2015, the ALJ issued her opinion concluding that Plaintiff was not disabled within the meaning of Sections 216(i) and 223(d) of the SSA. (*Id.* at 16-24). On November 18, 2015, Plaintiff sought review by the Appeals Council. (*Id.* at 200-204). The Appeals Council denied review on May 04, 2017. (*Id.* at 1). Plaintiff instituted this action seeking review of the ALJ decision on June 19, 2017.

### III. LEGAL STANDARD

### A. Standard of Review

This Court has jurisdiction to review the Commissioner's decision under 42 U.S.C. §§ 405(g) and 1383(c)(3). The Court is not "permitted to re-weigh the evidence or impose [its] own factual determinations," but must give deference to the administrative findings. *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *see also* 42 U.S.C. § 405(g). Nevertheless, the Court must "scrutinize the record as a whole to determine whether the conclusions reached are rational" and supported by substantial evidence. *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir.

1978) (citations omitted). Substantial evidence is more than a mere scintilla, and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Chandler*, 667 F.3d at 359 (citing *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). If the factual record is adequately developed, substantial evidence "may be 'something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Daniels v. Astrue*, No. 08-1676, 2009 WL 1011587, at *2 (M.D. Pa. Apr. 15, 2009) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)). In other words, under this deferential standard of review, the Court may not set aside the ALJ's decision merely because it would have come to a different conclusion. *Cruz v. Comm'r of Soc. Sec.*, 244 F. App'x 475, 479 (3d Cir. 2007) (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)).

### B. Determining Disability

In order to be eligible for benefits under the SSA, a plaintiff must show she is disabled by demonstrating an inability to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Taking into account the plaintiff's age, education, and work experience, disability will be evaluated by the plaintiff's ability to engage in her previous work or any other form of substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). A person is disabled for SSA purposes only if his physical or mental impairments are "of such severity that he is not only unable to do his previous work, but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 1382c(a)(3)(B).

Decisions regarding disability will be made individually and will be "based on evidence adduced at a hearing." *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000) (citing *Heckler v. Campbell*, 461 U.S. 458, 467 (1983)). Congress has established the type of evidence necessary to prove the existence of a disabling impairment by defining a physical or mental impairment as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(a)(3)(D).

### C. Sequential Evaluation Process

The Social Security Administration follows a five-step, sequential evaluation to determine whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. §§ 404.1520, 416.920. First, the ALJ must determine whether the plaintiff is currently engaged in gainful activity. *Sykes*, 228 F.3d at 262. Second, if she is not, the ALJ determines whether the plaintiff has an impairment that limits her ability to work. *Id.* Third, if she has such an impairment, the ALJ considers the medical evidence to determine whether the impairment is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). If it is, this results in a presumption of disability. *Id.* If the impairment is not in the Listings, the ALJ must determine how much residual functional capacity ("RFC") the applicant retains in spite of her impairment. *Id.* at 263. Fourth, the ALJ must consider whether the plaintiff's RFC is enough to perform her past relevant work. *Id.* Fifth, if her RFC is not enough, the ALJ must determine whether there is other work in the national economy the plaintiff can perform. *Id.*

The evaluation continues through each step unless it is determined at any point the plaintiff is or is not disabled. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The plaintiff bears the burden

of proof at steps one, two, and four, upon which the burden shifts to the Commissioner at step five. *Sykes*, 228 F.3d at 263. Neither party bears the burden at step three. *Id.* at 263 n.2.

## IV. DISCUSSION

### A. Summary of the ALJ decision.

At step one, the ALJ found that Plaintiff met the insured status requirements of the SSA through March 31, 2016 and had not engaged in substantial gainful activity since November 12, 2010. (Tr. at 18). At step two, the ALJ found that Plaintiff suffered from three severe impairments: 1) a torn ligament in her right knee, 2) a torn ligament in her left ankle, and 3) obesity. (*Id.*).

However, at step three, the ALJ found that Plaintiff's impairments were not, either individually or in combination, the medical equivalent of any of the listed impairments. (*Id.*). The ALJ then concluded that Plaintiff possessed the Residual Functional Capacity ("RFC") to perform sedentary work from November 12, 2010 to June 21, 2012, and to perform light work from June 21, 2012 through October 19, 2015. (*Id.* at 22). At step four, the ALJ concluded that Plaintiff was unable to perform any past relevant work. (*Id.*). At step five, the ALJ concluded that jobs existed in the national economy in significant numbers that the Plaintiff could perform. (*Id.* at 23). Accordingly, the ALJ then concluded that Plaintiff was not disabled under the SSA at any point between the onset date and the date of decision. (*Id.* at 24).

### B. Analysis

Plaintiff asserts this Court should remand due to the ALJ's failure to evaluate, at step three, Plaintiff's obesity in accordance with Social Security Ruling ("SSR") 02-01p[2], 2002 SSR LEXIS 1 (Sept. 12, 2002). (ECF No. 9 at 22-29). The ALJ discusses Plaintiff's obesity as follows:

---

[2]Plaintiff cites SSR 00-3p, but because that ruling was superseded by SSR 02-01p on September 12, 2002, the Court will construe Plaintiff's arguments as referring to the current guidance of SSR 02-01p.

5

> There is no specific medical listing regarding obesity, but I have evaluated the impairment pursuant to the extensive and detailed guidelines set forth in SSR 02-01p, including the references [to] the listings contained in sections 1.00Q. As SSR 02-1p states: "However, we will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with impairment may or may not increase the severity or functional limitations of the other impairment. We will evaluate each case based on the information in the case record." Thus, I have fully considered obesity in context of the overall record evidence in making this decision.

(Tr. at 19). Plaintiff argues that this analysis is too opaque and conclusory to allow for "meaningful judicial review" under *Burnett v. Commissioner of Social Security Administration*, 220 F.3d 112, 119 (3d Cir. 2000). (ECF No. 9 at 32). The Court agrees.

The Third Circuit addressed this issue in *Diaz v. Commissioner of Social Security*, where the ALJ found obesity was a severe impairment at step two, but failed to assess the impact of obesity on the claimant's other impairments at step three. 577 F.3d 500, 503 (3d Cir. 2009). The *Diaz* court noted the Commissioner's modification to the Appendix I Listing regarding obesity in 2000 served to replace "the automatic designation of obesity" based on height and weight with an "individualized inquiry." *Id.* This inquiry is meant to focus on "the combined effect of obesity and other severe impairments." *Id.* The court determined "an ALJ must meaningfully consider the effect of a claimant's obesity, individually and in combination with her impairments, on her workplace function at step three and at every subsequent step." *Id.* at 504. In assessing the impact of claimant's obesity, the ALJ must discuss the evidence and explain her reasoning in a manner that would be "sufficient to enable meaningful judicial review." *Id.*

Here, as in *Diaz*, the ALJ identified Plaintiff's obesity as one of her severe impairments at step two. (Tr. at 18). The ALJ recognized she was required to consider Plaintiff's obesity in combination with her other impairments at step three, but merely explained the possible adverse impact obesity "may or may not" have on co-existing impairments in general. (*Id.* at 19). No

6

individualized analysis of the instant case followed, and the ALJ did not indicate what evidence she relied upon in reaching her conclusion. (*Id.*). At the conclusion of her step three analysis, the ALJ stated, "I have fully considered obesity in context of the overall record evidence in making this decision." (*Id.*). Yet, neither the step three analysis nor the subsequent RFC analysis discuss the effect of Plaintiff's obesity on her work function. (*Id.* at 19-22).

Such conclusory statements are not the meaningful review mandated by *Diaz*. "A blanket statement that an ALJ has considered evidence is not the same thing as an ALJ actually discussing the evidence." *Moore v. Comm'r of Soc. Sec.*, No. 11-05369, 2013 WL 941558, at *4 (D.N.J. Mar. 8, 2013). The *Diaz* court concluded: "where [Plaintiff's] obesity was urged, and acknowledged by the ALJ, as a severe impairment that was required to be considered alone and in combination with her impairments at step three," and "absent analysis of the cumulative impact of [Plaintiff's] obesity and other impairments on her functional capabilities, we are at a loss in our reviewing function." 577 F.3d at 504. Similarly, because the ALJ opinion here does not consider the effect of Plaintiff's obesity, either separately in or in combination with Plaintiff's comorbid impairments, in a form that allows for the meaningful judicial review, the Court cannot conclude that the ALJ's step three conclusion was supported by substantial evidence. *See Padilla v. Astrue*, No. 10-4968, 2011 WL 6303248, at *7 (D.N.J. Dec. 15, 2011) (vacating and remanding where ALJ's obesity analysis, worded similarly to the ALJ's analysis here, was conclusory and did not properly set forth the reasons for the decision in a manner allowing for meaningful judicial review). The Court will therefore remand for a meaningful analysis of Plaintiff's obesity, including an analysis of its impact on Plaintiff's other impairments.

The Court additionally finds that the ALJ did not engage in a sufficient non-conclusory step three analysis of Plaintiff's two ligament tears, either individually or in combination. The

7

ALJ explained that the listings of Section 1.02 for major dysfunction of a lower-body joint require "involvement of one major peripheral weight-bearing joint resulting in inability to ambulate effectively as defined in 1.00B2b." (Tr. at 19). The ALJ then concludes: "[i]n this case, the evidence does not demonstrate that the claimant has the degree of difficulty in ambulating as defined in 1.00B2b." However, the ALJ does not provide any citation to the record or explain what evidence she relied upon in reaching her conclusion. (*Id.*). Because the ALJ did not explain her reasoning or identify the evidence used in making her determination, the Court cannot conclude that the ALJ's step three determination regarding Plaintiff's ligament impairments was supported by substantial evidence. *See Grimm v. Berryhill*, 2018 U.S. Dist. LEXIS 114268, at *10 ("[I]n order to facilitate review of the decision under the substantial evidence standard, the ALJ's decision must be accompanied by a clear and satisfactory explanation of the basis on which it rests.'").

Plaintiff makes other arguments relating to the ALJ's subsequent step four and step five analyses. Because the Court finds that the ALJ's opinion was not supported by substantial evidence at step three, it will remand and need not consider Plaintiff's other arguments at this juncture.

## V. CONCLUSION

For the foregoing reasons, the Court will vacate the ALJ's decision and remand this case for further administrative proceedings consistent with this Opinion. An appropriate Order follows.

DATED: October 25, 2018

**CLAIRE C. CECCHI, U.S.D.J.**